FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 28, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRAVIS JANIS and MEAGAN JANIS, individually and as the marital community thereof,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas interinsurance exchange doing business in the State of Washington,<br><br>Defendant. | No. 2:24-CV-314-MKD<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND<br><br>**ECF No. 5** |

Before the Court is Plaintiff's Motion to Remand. ECF No. 5. Plaintiffs are represented by Ryan M. Best. Nonparty USAA Casualty Insurance Company ("USAA CIC") is represented by Anthony G. Maack and Brian R. Davis. The Court has reviewed the record and is fully informed. For the reasons discussed below, the Court grants the motion.

ORDER - 1

# BACKGROUND

**A. Factual Background**

The following facts are drawn from Plaintiffs' Complaint. ECF No. 1-1. Plaintiffs are residents of Spokane County in the State of Washington. *Id.* at 6 ¶ 1.1. Defendant United Services Automobile Association ("USAA") is a reciprocal inter-insurance exchange comprised of individual members. *Id.* at 6 ¶ 1.2. As such, USAA is a citizen of each state where it has members, including Washington. *Id.*

Plaintiffs filed an insurance claim for water loss with USAA on February 15, 2023. *Id.* at 8 ¶ 2.2. Plaintiffs allege that this damage was covered under their insurance policy. *Id.* at 8 ¶ 2.3. USAA's initial estimate and payment for repair of the damage was approximately $13,000. *Id*. at 8 ¶ 2.4. Plaintiffs requested a certified copy of the insurance policy on April 19, 2023. *Id.* at 8 ¶ 2.7. USAA failed to provide a certified copy of the policy as requested.[1] *Id.* at 8 ¶ 2.8. On November 17, 2023, Plaintiffs submitted a Sworn Statement in Proof of Loss for $207,049.56 to USAA. *Id.* at 8 ¶ 2.9. USAA provided a supplemental payment for repairs in the amount of $33,420.87 in January of 2023. *Id.* at 9 ¶ 2.11. Plaintiffs

---

[1] A copy of the insurance policy is included as "Exhibit 2" of Defendant's Notice of Removal. ECF No. 1-2 at 1-64.

ORDER - 2

sent a claim communication to USAA on February 24, 2024, to which USAA failed to response. *Id.* at 9 ¶¶ 2.12-2.13.

### B. Procedural History

Plaintiffs filed suit in Spokane County Superior Court, Case No. 24-4-03950-32, on August 13, 2024. ECF No. 1-1 at 5-18. Plaintiffs' Complaint asserts six causes of action: (1) violations of the Insurance Fair Conduct Act, RCW 48.30 et seq., RCW 19.86 et seq.; (2) Bad Faith Violations; (3) Breach of Contract; (4) violations of the Consumer Protection Act; (5) Declaratory Judgement, RCW 7.24; and (6) Negligent Claims Handling. *Id.* at 10-14.

Nonparty USAA Casualty Insurance Company ("USAA CIC") filed a notice of removal on September 18, 2024. ECF No. 1. The notice asserts that Plaintiffs "*erroneously sued*" United Services Automobile Association ("USAA") and that the proper defendant is USAA CIC. *Id.* at 1 (emphasis in original). Plaintiffs moved to remand this matter on September 23, 2024. ECF No. 5.

## LEGAL STANDARD

Removal of a civil action to federal district court is proper where the federal court would have original jurisdiction over the civil action. 28. U.S.C. § 1441(a); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993) (citing 28 U.S.C. § 1441(a), (b); *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 641 (9th Cir. 1989)). District courts have original jurisdiction "where the matter in

ORDER - 3

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a).  "A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, *see* 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction . . . has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).  "The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id.* at 1107 (quoting *Gaus*, 980 F.2d at 566).  Thus, courts "strictly construe the removal statute against removal jurisdiction." *Gaus*, 980 F.2d at 566 (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).

ORDER - 4

# DISCUSSION

## A. Subject Matter Jurisdiction

A federal court's diversity jurisdiction extends "to all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the controversy "is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). The diversity statute requires that each plaintiff must be a citizen of a different state than the defendant. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).

Plaintiffs are citizens of Washington. ECF No. 1-1 at ¶ 6. Defendant USAA "is a citizen of every state," including Washington. ECF No. 5 at 4-5; *see, e.g.*, *Young v. United Servs. Auto. Ass'n*, 2021 WL 120968, at *2 (D. Mont. Jan. 13, 2021) ("USAA is considered an unincorporated association for purposes of determining diversity jurisdiction. . . . USAA is therefore a citizen of each state in which is [sic] has a member-subscriber.") (citations omitted). Thus, there is not complete diversity among the parties and this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

## B. Proper Defendant

Nonparty USAA CIC filed the notice of removal. ECF No. 1 at 1. Plaintiffs argue it "had no right to remove this case in the first place, as they are not a party to this action." ECF No. 8 at 2.

ORDER - 5

The statutory right to remove is accorded to a "defendant" or "defendants." 28 U.S.C. § 1441(a). A nonparty is prohibited from initiating removal. *Sharma v. HIS Asset Loan Obligation Trust 2007-1 by Deutsche Bank National Trust Company*, 23 F.4th 1167, 1169 (9th Cir. 2022) ("The text of 28 U.S.C § 1441(a) authorizes only a 'defendant or the defendants' to remove an action to federal court."). USAA CIC is not a defendant in this case. Notwithstanding Plaintiffs' intent to add USAA CIC as a defendant in the future, ECF No. 8 at 3, USAA CIC lacked the statutory authority to remove this matter. *See Sharma*, 23 F.4th at 1170 (finding the district court erred by allowing a "unnamed party to remove the case to federal court.").

**C. Attorney's Fees**

Plaintiffs request attorney's fees in the amount of $6,000 pursuant to 8 U.S.C. § 1447 and 28 U.S.C. § 1919. ECF No. 5 at 6; ECF No. 8 at 4. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also* 28 U.S.C. § 1919 ("Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs."). "'Courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Id.* (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

ORDER - 6

An award of attorneys' fees and costs against USAA CIC is merited here, as nonparty USAA CIC had no objectively reasonable basis for seeking removal, *see Martin*, 546 U.S. at 141, as discussed above. *See, e.g.*, *Moline Mach., Ltd. v. Pillsbury Co.*, 259 F. Supp. 2d 892, 905 (D. Minn. 2003) ("When an action is erroneously removed to Federal Court, and the removal results in a remand to State Court, costs are properly assessed against the removing party.") (citations omitted). However, because Plaintiffs have not submitted documentation supporting the requested amount, the Court directs Plaintiffs to file a declaration and any documentation in support of their request, which sets forth the hours expended by each attorney on the issue of remand, each attorney's hourly rate, and the justification for each attorney's hourly rate. *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992) ("[B]ecause the award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is collateral to the decision to remand, the district court retained jurisdiction after remand to entertain Plaintiffs' motion for attorney's fees.").

## CONCLUSION

For the reasons stated above, the Court grants Plaintiffs' Motion to Remand, ECF No. 5.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Remand, **ECF No. 5**, is **GRANTED**.

ORDER - 7

2. Plaintiffs are directed to file a declaration and documentation in support of their request for attorney's fees by November 4, 2024. USAA CIC may file a response one week thereafter.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order, **REMAND** this matter to the Spokane County Superior Court, and provide copies to counsel.

DATED October 28, 2024.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

ORDER - 8